Dardanelle Water Co., Inc. *v.* Hamilton.

5-1085                                    296 S. W. 2d 416

Opinion delivered December 10, 1956.

*Caviness & George,* for appellant.

*Williams & Gardner,* for appellee.

Sam Robinson, Associate Justice. This suit was filed by appellee, John L. Hamilton, against the appellant, Dardanelle Water Company, for damages alleged to have been sustained by Hamilton due to a leak in one of the water company's pipes. It is alleged that the water from the leaking pipe undermined the foundation of a building owned by Hamilton. There was a judgment in the sum of $4,000 for the plaintiff, Hamilton, and the water company has appealed.

First, appellant stoutly contends that there is no substantial evidence to sustain a finding that the building was damaged by the water leaking from the pipe. The building is located in Dardanelle; it is shown that the soil where the building is located is very sandy and that it does not constitute a firm foundation. The building was constructed about 1910 as an automobile service station. The southeast corner of the building is supported by a column resting on a rock foundation. To facilitate the operation of the building as a service station, the south-

east corner of the building, for some distance, both to the north and to the west, was not enclosed. Later, about 1932, this part of the building was enclosed by a brick wall with large glass windows. Undoubtedly, there has been considerable damage to the building caused by a settling of the foundation on which rests the column supporting the southeast corner. Appellant contends that this settling of the foundation was not caused by the flow of water from the leaking pipe, but was due to an insufficient foundation in the first instance. On the other hand, the appellee contends that the foundation settled due to a leak in the pipe, and to the failure of the water company to promptly stop the leak upon discovering the condition that existed. The issue was submitted to the jury, and there was a finding that the damage to the building was due to the negligence of the water company. We must sustain the judgment if there is any substantial evidence to support it.

Here, we cannot say the evidence fails to meet that test. It was shown that a leak in the water pipe, only a few feet from the building in question, was discovered by Mr. Hamilton, and that the water company was notified; that it did not make repairs for about 48 hours, and that the leak was of such magnitude that a pump was required to keep the water out of the hole dug for the purpose of repairing the pipe.

Mr. Hamilton testified that Mr. Green, manager of the water company, told him that he knew the water had caused part of the damage. Mr. Barney McKinzie, a contractor, testified that if water were permitted to run around the foundation for any length of time it would cause a settling. It was further shown that the water company did not have the necessary parts on hand to make the repairs, thereby causing the delay. In addition, there is evidence that a hole 6 or 7 feet square by about 3 1/2 feet deep was dug near the corner of the building; that the walls of the hole were not shored up, permitting the sides to slough away and the sandy soil to fall away from the foundation. It was shown also that after the repairs had been completed and the leak stopped there

was a hole under the sidewalk next to the building. Mr. McKinzie testified that he had repaired the building in 1953, and that there had been a sinking of the pier since that time. The pictures introduced in evidence show that the sidewalk adjoining the building has sunk several inches. There does not appear to be any undue weight on the sidewalk, and it does not appear to depend on the foundation under the pier for support. Evidently, the washing away of the dirt by the leak in the pipe caused the sinking in the sidewalk, and the same thing could very easily have caused the settling of the foundation supporting the corner of the building. We cannot say the jury was not justified in reaching that conclusion.

The appellant contends that the $4,000 judgment is excessive. Mr. McKinzie, a contractor, testified that he examined the damage to the building and put in about an hour and a half making an estimate of the cost of the necessary repairs; he arrived at the figure of $4,000. It is true he stated this was a rough estimate, but nevertheless, after giving the matter due consideration, it was his opinion it would cost $4,000 to make the repairs.

Appellant complains that the court erred in permitting a witness to explain the facts and circumstances surrounding his giving of a statement. The witness, A. B. Rainwater, testified for the plaintiff. In an attempt to discredit him, he was questioned by counsel for appellant with reference to a signed statement given by Mr. Rainwater prior to the trial. On re-examination by the plaintiff, he was questioned concerning the facts and circumstances surrounding his giving of the signed statement. He was asked:

"Q. February 29, 1955 — Did they give any reason why they wanted this statement?

A. Yes, they wanted to try to settle."

Counsel for defendant objected, and the court stated: "I think he has a right to explain the facts and circumstances surrounding the execution of it, and the jury can draw their own conclusions as to its credibility." After

two additional questions were asked, the court then ruled that the witness could not testify as to what some third party told him. Appellant contends that the evidence violated the rule against showing an offer to compromise. We do not think this was the effect of the testimony. The witness was merely stating the circumstances surrounding his giving of a signed statement; there was no showing that there was any attempt to make a settlement. In fact, the witness had no interest in the building, no reason why anybody would be attempting to make a settlement with him at all.

The appellant further maintains that the court erred in refusing to give certain requested instructions. We have carefully examined all of the instructions given and refused, and there was no error. The jury were properly instructed on every issue.

Affirmed.